No. 18,896.

PRESTON A. HILDERBRAN et al., *Appellees*, v. E. E. MCCORKLE et al., Copartners, etc., *Appellants*.

SYLLABUS BY THE COURT.

Two Causes of Action—*Separated—Trial of One—No Error in the Record.*   Where a verdict is based entirely upon items in one of two causes of action pleaded, this court on appeal will not consider any assignment of error which pertains only to the other cause of action and which in no way affects the appellants.

Appeal from Jackson district court; OSCAR RAINES, judge.   Opinion filed June 6, 1914.   Affirmed.

*E. R. Sloan,* and *Guy L. Hursh,* both of Holton, for the appellants.

*Charles Hayden, E. D. Woodburn, F. T. Woodburn,* and *A. E. Crane,* all of Holton, for the appellees.

The opinion of the court was delivered by

SMITH, J.: The appellees in their original petition in this action stated, or attempted to state, two causes of action (not separately stated or numbered) against the appellants. As a basis for one cause of action it was alleged that the appellees had contracted in writing to buy several tracts of land in Atchison, Jackson and Nemaha counties, and had made a payment on such contract; that the appellants had agreed and guaranteed to secure for appellees the amount of loans required at certain rates and commissions, the loans to be secured by real-estate mortgages; also, that the appellants had failed to comply with their contract and warranty in securing the loans within the time specified and required, and that the appellees were compelled to and did make another contract with appellants to secure a smaller amount of loans for the same purpose but for which the appellees were required to pay a larger commission or bonus; that the appellants did secure for the appellees real-estate loans for a part of the amount contracted for in the second contract, but required the appellees to pay, and the appellants deducted and retained from the amount so borrowed, the sum of $1425 as a bonus for securing the entire amount of loans contracted to be secured and in addition to a commission therefor. Further, that the appellants failed to secure the loan of $17,500 of the amount contracted for in the second contract.

On motion of the appellants the appellees were required to separately state and number their causes of action, and time was given to file an amended petition. In accordance with the order, an amended petition was filed, and the first cause of action set forth therein was upon the first contract before referred to. The second cause of action was based upon the second contract. In the second cause of action, however, there were references to the allegations in the first cause of action

in such manner as to practically make the first cause of action a part of the second.  A motion to strike out such references was overruled.  This motion should have been sustained, but, as we shall see, no prejudice resulted to the appellants from the overruling of the motion.  The appellants also moved to strike out the allegations of the petition relating to the original contract for loans.  Whether this motion was properly or improperly overruled, the ruling was also not prejudicial in view of the verdict and judgment rendered. The same may be said of appellants' demurrer to the first cause of action in the amended petition.

The theory of the appellants in these objections to the petition is that in making the second contract for loans the appellees waived all rights under the first contract and all claims for damages for the violation thereof.  It is apparent from the items set forth in the petition that in the verdict and judgment nothing was allowed against the appellants upon the first cause of action.  Indeed, the appellants say in their brief, "The amount of the verdict shows clearly just what items were allowed by the jury.  The verdict was for $1806 or the $1425 item plus the item, $381, for extension of time on the draft."

These items were set forth in the second cause of action in the amended petition and were not in the first cause of action therein.  It follows that the first cause of action in the amended petition may be ignored, and that no discussion is necessary of the question whether the appellees were entitled to any damages for the failure of appellees to comply with the first contract for loans after they had made and accepted part performance of the second contract for loans; in short, whether the making of the second contract did not set aside the first and waive any claim for damages thereunder.  We shall therefore not notice the requests for instructions bearing upon this question.

If the appellees had any rights under the first contract for loans the result of the trial was to their

prejudice, and not to the prejudice of appellants. The appellees are not complaining thereof. It is contended by the appellees, in substance, that the item of $1425, as itemized by the appellants in the above quotation, deducted by the appellants from the loans actually made, was a bonus or cash commission paid upon the entire amount to be secured as loans under the second contract for loans and including a loan of $17,500 which was agreed to be made but was not made. There was also evidence on behalf of the appellants that they were required to pay and did pay the sum of $381 for an extension of time on a draft they had given as payment on the land which they had contracted to buy. Also, that they were compelled to sell a part of the lands they had contracted to buy at a price considerably less than their actual value to enable them to fulfill their contract of purchase, and that such sale was made necessary by the failure of appellants to make the $17,500 loan.

It is said by the appellants that they did not guarantee the securing of loans for the $17,500, and that the item of $1425 was a cash commission on the $14,500 actually loaned.

The evidence was conflicting as to just what the contracts were, and there is abundant evidence to support the findings of the jury. The jury did not make any special finding as to the amount which constituted the verdict, but returned a gross verdict in the sum of $1806. However, the analysis made by the appellants in their brief is suggested from the evidence and probably is correct. It is said by appellants that the $1425 item as claimed by the appellees was paid in part for loans which they did receive, but it is also true that appellants produced evidence which would have justified a finding of damages on the loss suffered by appellees on the sale of the lands which was made necessary to secure the $17,500 loan.

The evidence fully justifies the verdict, if not a

greater allowance, but the jury had these two items in the evidence and evidently put them together as their estimate of the amount of damages which should be recovered. We find no substantial error in the proceedings, and the judgment is affirmed.